IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JORGE ALBERTO PINATE-VILLANUEVA,<br><br>                Defendant. | 4:13-CR-3140<br><br>TENTATIVE FINDINGS |

      The Court has received the presentence investigation report (PSR) in this case. The defendant has submitted several objections. Filing 39.[1]

      IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a)   give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

---

[1] Due to some logistical difficulties, the PSR and objections in this case were delayed. The defendant has agreed to proceed with the initial PSR and his objections to it. These were submitted by email, and the Court has filed them in order to make a record. Filing 39.

    (d)    impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e)    depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant has objected to the PSR. The defendant is eligible for a 2-level downward adjustment based upon the proposed amendments to the offense levels associated with the Drug Quantity Table. *See*, PSR at ¶ 123; U.S. Sentencing Commission, *2014 Amendments to the Sentencing Guidelines* pp. 13–22.[2] Before applying the adjustment, the defendant's total offense level was 24. PSR at ¶ 48. The PSR recommends that, after applying the adjustment, the defendant's total offense level should be 23. PSR at ¶ 123. The defendant objects, noting that 24 minus 2 is 22. However, there was no mistake in the PSR.

The defendant was convicted of two counts: distribution of methamphetamine and illegal re-entry. Under the Guidelines, the Court must first determine the adjusted offense level for each count. *See* U.S.S.G. §§ 3D1.1–3D1.3. The adjusted offense levels for defendant's offenses were 26 and 20, respectively. PSR at ¶¶ 30–41. The counts are placed in separate "groups," pursuant to U.S.S.G. § 3D1.2. The Court then determines the combined adjusted offense level by taking the offense level applicable to the group with the highest level and increasing it by the number of levels specified in the Guidelines. U.S.S.G. § 3D1.4. That extra amount is determined by the number of "units" assigned to each group. *Id*. The group with the highest offense level (the drug count) receives 1 unit. U.S.S.G. § 3D1.4(a). Other groups receive units based on their severity relative to the group with the highest offense level. For example, groups with offense levels equal to or 1 to 4 levels lower receive an additional 1 unit. Here, the other group (the immigration offense) is 5 to 8 levels less

---

[2] Available at http://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/20140430_Amendments.pdf (last accessed September 17, 2014).

serious, and so it is assigned half a unit. U.S.S.G. § 3D1.4(b). That makes a total of 1.5 units, which calls for an increase of 1 level. U.S.S.G. § 3D1.4. So, the group with the highest offense level (the drug count, at 26) is increased by 1, for a combined adjusted offense level of 27. After acceptance of responsibility is factored in, the defendant's total offense level is 24.

In this case, because of the way multiple counts are grouped and combined, the 2-level adjustment associated with the proposed amendments to the Drug Quantity Table does not yield a 2-level reduction in the total offense level. That is because the proposed amendment operates to reduce the *base* offense level associated with a drug count. *See* U.S. Sentencing Commission, *2014 Amendments* at 13–22. In other words, the proposed amendment does not apply directly to the total offense level. The total offense level is only determined after applying other adjustments to the base offense level, such as those applied to multiple counts.

Applying those principles, the proposed amendment reduces the offense level for the defendant's drug count from 26 to 24. The offense level tied to his immigration count remains 20. The offenses remain in separate groups, and the drug offense is still the group with the highest offense level, and so it is assigned 1 unit. But that means that the immigration offense is no longer 5 to 8 levels lower. It is now 1 to 4 levels lower, which means that it receives an additional 1 unit, instead of half a unit. U.S.S.G. § 3D1.4(a). And a total of 2 units calls for an increase in 2 levels to the drug count. That results in a combined adjusted offense level of 26. After subtracting 3 levels for acceptance of responsibility, the defendant's total offense level is, as the PSR states, 23.

The defendant next suggests that a minor participant adjustment may be warranted. *See* U.S.S.G. § 3B1.2. The Court tentatively finds that such an adjustment is not supported by the current record. The parties are free to present evidence and argument at sentencing, although the Court notes that this objection appears to be barred by the defendant's plea agreement. *See* filing 32 at 5.

The defendant has raised a number of additional objections, which the Court has considered, but which do not affect the application of the Guidelines to the defendant's sentence. For example, the defendant notes that his name should be spelled Penate-Villanueva. To the extent

- 3 -

necessary, these objections will be resolved at sentencing. The defendant also notes his numerous medical conditions, and asks that these be taken into account when selecting the facility in which he will be incarcerated. The Court will do so at sentencing, and will consider making a recommendation to the Bureau of Prisons. However, the location of the defendant's incarceration is ultimately at the Bureau's discretion. *See* 18 U.S.C. § 3621(b).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 17th day of September, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge